**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KAREN CLARK,

    Plaintiff,

vs.                                                      No.    1:13-cv-00372/MV-CG

UNITEDHEALTH GROUP, INC., et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendants UnitedHealth Group, Inc., and United Healthcare Insurance Company's *Motion to Amend Judgment* (the "Motion to Amend"), (Doc. 94), filed October 20, 2016; Plaintiff Karen Clark's *Response to Defendant's Motion to Amend Judgment*, (Doc. 96), filed October 31, 2016; the United States of America's *Opposition to Defendants' Motion to Amend Judgment*, (Doc. 98), filed November 3, 2016; the State of New Mexico's *Joinder in United States of America's Motion in Opposition to Defendants' Motion to Amend Judgment*, (Doc. 99), filed November 3, 2016; and Defendants' *Reply in Support of Motion to Amend Judgment*, (Doc. 102), filed November 21, 2016. United States District Judge Martha Vasquez referred this case to Chief United States Magistrate Judge Carmen E. Garza for proposed findings and a recommended disposition. (Doc. 116). Having reviewed the record, the briefing, and the relevant law, the Court **RECOMMENDS** that the Motion to Amend be **DENIED**.

    **I.**     **Background**

This case arises from the termination of Plaintiff's employment by Defendant UnitedHealth Group, Inc. ("UHG"), a healthcare services provider. From October 10,

2011, to April 9, 2012, UHG employed Plaintiff as a Senior Investigator in a subdivision of UHG dedicated to investigating allegations of fraud and abuse. (Doc. 1 at 2). In her *Complaint for Damages and Penalties* (the "First Complaint"), (Doc. 1), Plaintiff claimed that, while she was employed by UHG, she repeatedly uncovered evidence of fraud, abuse, and false claims, and reported her findings to relevant authorities. *Id.* at 10-35. Plaintiff's supervisors and other employees of Defendants allegedly reprimanded Plaintiff for doing so and instructed her to stop reporting her findings to authorities. *Id.* Plaintiff persisted and claims she was fired in retaliation for doing so. *Id.* at 48-49.

Plaintiff's First Complaint brought three broad claims: first, violations of the False Claims Act (the "FCA"), 31 U.S.C. § 3729; second, violations of the New Mexico Fraud Against Taxpayers Act (the "FATA"), NMSA 1978, §§ 44-9-1 to -14 (2007, as amended through 2015); and finally, retaliatory discharge for whistleblowing. (Doc. 1 at 39-49). Plaintiff alleged that UHG violated the FCA and FATA by knowingly accepting, processing, and paying improper claims and falsely certifying that its subcontractors complied with federal law. *Id.* at 39-48. Plaintiff also alleged UHG violated the FATA by firing her in retaliation for investigating and reporting suspected fraud. *Id.* at 48-49.

After the United States and New Mexico declined to intervene, Defendants moved to dismiss the First Complaint. (Doc. 32). Defendants sought dismissal because Plaintiff failed to satisfy Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." *Id.* at 2-12. Because Plaintiff did not identify any specific fraudulent claim or fraud by a specific defendant, Defendants insisted the FCA and FATA claims must be dismissed. *Id.* at 2-9.

2

Finally, according to Defendant, Plaintiff insufficiently pled any protected activity or retaliation under the FATA. *Id.* at 9-12.

On September 22, 2016, Defendants' motion to dismiss was granted. In short, Plaintiff failed to allege violations of the FCA or FATA with sufficient particularity under Rule 9(b). (Doc. 91 at 10-16). Because Plaintiff's federal claims were dismissed, Plaintiff's state claims were also dismissed for lack of jurisdiction. *Id.* at 16-17. Although Defendants requested Plaintiff's First Complaint be dismissed with prejudice, Plaintiff's claims were dismissed without prejudice and Plaintiff was granted leave to amend her complaint. *Id.* at 1 n. 1. Accordingly, a *Judgment* was filed dismissing Plaintiff's claims without prejudice. (Doc. 92).

Three weeks later, Plaintiff filed her *First Amended Complaint for Violation of § 44-9-11 NMSA and Retaliatory Discharge* (the "Amended Complaint"), (Doc. 93). Again, Plaintiff alleged a pattern of investigating reports of billing fraud, being told not to do so, and being terminated in retaliation. (Doc. 93 at 5-25). Notably, Plaintiff did not re-plead alleged violations of the FCA or the FATA.

After Plaintiff filed the Amended Complaint, Defendants moved to amend the judgment under Fed. Rule Civ. P. 59(e). In particular, Defendants ask the Court to change the *Judgment* from "without prejudice" to "with prejudice." (Doc. 94 at 1). Defendants argue it is well-settled that when a plaintiff's claims are dismissed without prejudice, the plaintiff is given leave to amend, and if the plaintiff does not amend or appeal, a judgment entered without prejudice becomes one entered with prejudice. *Id.* at 2. Because Plaintiff did not re-plead violations of the FCA and FATA, Defendants state those claims should be dismissed with prejudice.

3

Plaintiff denies that grounds exist to amend the judgment. Plaintiff concedes that the judgment would have become final for purposes of appeal if she did not appeal or amend her complaint, but she disputes that the judgment should become one with prejudice. (Doc. 96 at 2). Further, Plaintiff contends that none of the three traditional grounds warranting post-judgment relief are present in this case. *Id.* at 1-2. Finally, Plaintiff argues dismissing her claims with prejudice would be improper without the United States' and New Mexico's consent. *Id.* at 2-3.

Following Plaintiff's response, both the United States and New Mexico opposed dismissing the FCA and FATA claims with prejudice insofar as the dismissal with prejudice would apply to them. The United States argues that it is inappropriate to dismiss claims with prejudice as to the United States where, as here, dismissal was unrelated to the merits. (Doc. 98 at 3-7). Similarly, New Mexico contends a dismissal with prejudice would prevent future, potentially meritorious litigation it could bring against Defendants. (Doc. 99 at 1-2). Defendants did not reply to these responses or otherwise argue dismissal should be with prejudice as to the United States or New Mexico.

In reply to Plaintiff's response, Defendants insist the Court has the authority to amend the judgment and should do so. First, Defendants contend that Plaintiff's choice not to re-plead her FCA and FATA constitutes new evidence warranting reconsideration of the dismissal without prejudice. (Doc. 102 at 1-2). Second, Defendants imply that not amending the judgment would work a manifest injustice. *Id.* at 3. Finally, Defendants point out that the United States and New Mexico do not object to dismissing Plaintiff's FCA and FATA claims with prejudice. *Id.*

**II.    Analysis**

As discussed, Defendants argue the Court should amend the *Judgment* to be "with prejudice" rather than "without prejudice." Defendants insist it is well-settled that if a plaintiff's claims are dismissed without prejudice, the plaintiff is given leave to amend the complaint, and the plaintiff does not do so, a dismissal without prejudice becomes one with prejudice. (Doc. 94 at 1-3). This is the only argument Defendants raise in the Motion to Amend. Plaintiff admits she did not re-plead her FCA or FATA claims, but denies that the dismissal should be amended to be with prejudice. *Id.* at 2.

Defendants cite several cases in support of their argument. First, in *Lewis v. B. F. Goodrich Company*, 850 F.2d 641 (10th Cir. 1988), the Tenth Circuit Court of Appeals considered whether it had jurisdiction over an appeal from an order dismissing a counterclaim with prejudice. The sole issue before the Tenth Circuit was whether a premature notice of appeal is cured by a later-filed final judgment. *Lewis*, 850 F.2d at 643. The court answered that it does. *Id.* at 646.

Defendants also cite *Stanfa v. Booker*, 12 Fed. Appx. 822 (10th Cir. 2001) (unpublished). In *Stanfa*, the Tenth Circuit, following *Lewis*, affirmed that a premature notice of appeal becomes timely when a district court enters a final judgment. 12 Fed. Appx. at 825. Neither *Lewis* nor *Stanfa* speak to the situation presented in this case, i.e. whether a dismissal without prejudice becomes with prejudice if the plaintiff does not re-plead previously dismissed claims.

Defendants also cite authority from the Eleventh Circuit in support of their argument. In *Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442, 444 (11th Cir. 1986), the district court dismissed plaintiff's complaint with leave to amend. Instead of

amending the complaint, the plaintiff filed a motion to reconsider, which was denied, and plaintiff then appealed. *Id.* On appeal, the defendant argued the Eleventh Circuit lacked jurisdiction because the district court had not entered a final, appealable order. *Id.* After discussion, the Eleventh Circuit held that the district court's order became final "upon the expiration of the time allowed for amendment." *Id.* at 445. Here again, the court did not discuss issues regarding prejudice.

Finally, Defendants cite *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, (11th Cir. 1994), which discussed a dismissal with prejudice, but with a more complicated procedural history. In *Hertz*, the district court dismissed the plaintiff's complaint without prejudice and with leave to amend. *Hertz*, 16 F.3d at 1127. The plaintiff did not amend its complaint, and a defendant moved to amend the judgment pursuant to Rule 59(e). *Id.* at 1128. However, the Rule 59(e) motion was untimely. The district court granted the motion, but the Eleventh Circuit reversed, holding the district court lacked jurisdiction to grant the motion because it was untimely. *Id.* at 1128. The Eleventh Circuit did not discuss the propriety of amending the judgment in its decision.

In a footnote, the *Hertz* court mentioned converting the dismissal without prejudice to with prejudice. The court explained that the basis for dismissing the complaint was unclear, though the district court did say the complaint "'appear[ed] to state a claim for relief.'" *Id.* at 1127 n.3. Still, the court stated that if dismissal was under Fed. R. Civ. P. 12(b)(6), the court "recognize[d] that such a dismissal would have become a dismissal with prejudice when no timely amendment was filed and no request for an extension was submitted." *Id.* The court did not discuss, explain, or cite any authority for this understanding.

6

In sum, none of the cases Defendants have cited show it is "well-established" that a dismissal without prejudice becomes a dismissal with prejudice when a plaintiff chooses not to reassert dismissed claims. *Lewis*, *Stanfa*, *Schuurman*, and *Hertz* all analyzed when a district court's order becomes final; none discussed why a dismissal without prejudice becomes one with prejudice. Granted, as discussed, the *Hertz* footnote reflects Defendants' understanding, but it is not clear why the *Hertz* court thought as much, and Defendants have not presented controlling authority explaining why the Court should amend the judgment in this case. Accordingly, the Court sees no reason why Plaintiff's claims should now be dismissed with prejudice.

In their reply, Defendants highlight *Boaz v. Mutual Life Insurance Company of New York*, 146 F.2d 321 (8th Cir. 1944), in further support of their argument. *Boaz* involved a district court converting a dismissal without prejudice to one with prejudice, but in significantly different circumstances. At the close of plaintiff's evidence at trial, the defendant moved to dismiss for lack of sufficient evidence. *Boaz*, 146 F.2d at 322-23. On plaintiff's request, the district court dismissed the complaint without prejudice instead. *Id.* On reconsideration, the district court decided that, given the fact that plaintiff had a full and fair opportunity to present the merits of her case, she should not be allowed to withdraw her complaint and try her case again later. *Boaz v. Mut. Life. Ins. Co. of N.Y.*, 53 F. Supp. 97, 102-03 (E.D. Mo. 1943). Accordingly, the district court withdrew its prior judgment and entered a judgment dismissing the complaint with prejudice. *Id.* The Eighth Circuit affirmed on appeal, finding no abuse of discretion. *Boaz*, 146 F.3d at 323.

*Boaz* is distinguishable from this case. Here, Plaintiff's complaint was dismissed without prejudice given her failure to plead violations of the FCA and FATA with sufficient particularity, not because it would be factually or legally impossible for Plaintiff to state a claim. This was done early in litigation, in contrast to *Boaz*, where the plaintiff asked for dismissal without prejudice following her presentation at trial. If anything, *Boaz* counsels against granting the Motion to Amend the Judgment given the stark contrasts between the two cases. The rest of Defendants' arguments were raised for the first time in their reply and were not sufficiently developed, so the Court will not consider them. *See Gutierrez v. Cobos*, 841 F.3d 895, 902-03 (10th Cir. 2016) (providing a party waives arguments raised for the first time in a reply). The Court therefore recommends denying the Motion to Amend.

### III. Conclusion

For the foregoing reasons, the Court finds that Defendants have not presented the Court with good reason to dismiss Plaintiff's FCA or FATA claims with prejudice. The Court therefore recommends that Defendants' *Motion to Amend Judgment*, (Doc. 94), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE